**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WAYNE TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 0705 |
| | ) | Wayne R. Andersen |
| UNITED STATES DEPARTMENT OF | ) | District Judge |
| AGRICULTURE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION AND ORDER

Plaintiff Wayne Talley filed this lawsuit against the United States Department of Agriculture ("USDA") alleging violation of the Fair Credit and Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Defendant USDA moves to dismiss plaintiff's complaint pursuant to FED.R.CIV.P. 12(b)(1) for lack of subject matter jurisdiction. For the following reasons the motion to dismiss is denied.

## BACKGROUND

Plaintiff Talley owned property that was funded through a loan provided by the USDA. Talley sold the property in May of 2000 and claims to have repaid his debt no later than September of that same year. Since that time, the USDA has allegedly provided inaccurate information regarding Talley's credit history to Trans Union, a credit reporting agency. Specifically, Talley asserts that the USDA disseminated information throughout 2004 which stated that Talley's account had been consistently more than 120 days late and that similar reports were made as recently as August of 2006. Talley, following Trans Union's procedures

1

for disputing consumer credit information, notified the agency of the allegedly inaccurate information through written communication to its representatives. Within five days of receiving notification from Talley, Trans Union alerted the USDA of Talley's dispute as well as the nature of that dispute. Despite receiving the notification, the USDA allegedly continued to publish and disseminate inaccurate information to various persons and credit reporting agencies.

According to Talley, the dissemination of inaccurate information has caused, and is causing, the following damages: (1) a denial of credit by a mortgage company, (2) personal expenses related to disputing the allegedly inaccurate information, (3) emotional distress and mental anguish resulting from the alleged distribution of incorrect and disparaging information to parties both known and unknown, and (4) a diminished credit score which may hinder plaintiff's ability to obtain credit in the future. Talley's complaint seeks damages under 15 U.S.C. §§ 1681n and 1681o of the FCRA for the USDA's alleged violation of 15 U.S.C. § 1681s-2(b).

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction under FED.R.CIV.P. 12(b)(1), the court must accept the factual allegations made in the complaint as true and construe reasonable inferences in favor of the plaintiff. *Rueth v. United States Environmental Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993). However, a court is not restricted to the jurisdictional contentions asserted in the complaint but may use other evidence that has been submitted on the issue of determining whether subject matter jurisdiction actually does exist. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).

The USDA contends that the complaint should be dismissed because, as an agency of the United States, sovereign immunity shields it from suit. Though the federal government may waive its sovereign immunity by statute, such a waiver "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996), citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). It is the USDA's contention that this court has no jurisdiction to hear Talley's claim because the requisite waiver is not present in the FCRA.

Talley, however, claims that the FCRA does in fact contain an express waiver of sovereign immunity. The FCRA declares, "[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . ." 15 U.S.C. § 1681o(a). The FCRA defines the term "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, *government or governmental subdivision or agency*, or other entity." 15 U.S.C. § 1681a(b) (emphasis added).

Talley claims that the FCRA's inclusion of "government or governmental subdivision or agency" among those persons potentially liable to an injured party serves as an express waiver of the USDA's sovereign immunity. In support of his claim, Talley cites *Moore v. United States Department of Agriculture*, 55 F.3d 991 (5th Cir. 1995), a Fifth Circuit Case. In *Moore*, the 5th Circuit Court of Appeals held that an action against the USDA, under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. 1691, et seq. was improperly dismissed under a claim of sovereign immunity. *Moore*, 55 F.3d at 994. In reaching its conclusion, the Court of Appeals distinguished the ECOA from another statute under the Consumer Credit Protection Act, the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667. *Moore*, 55 F.3d at 994. Both the ECOA and the TILA define a "person" as any "government or governmental subdivision or agency." Congress, however, included an express preservation of the United States' sovereign immunity

3

against TILA claims (15 U.S.C. § 1612(b)) while the ECOA has no similar provision. The express preservation "indicates that Congress intended 'government or governmental subdivision or agency' to include the United States, because otherwise it would not have specifically preserved the United States' immunity unless it believed that such immunity had been previously waived." *Moore*, 55 F.3d at 994. The Fifth Circuit concluded that the absence of an express preservation of sovereign immunity, in the ECOA, is evidence that Congress intended to waive the United States' sovereign immunity. *Id.*

Talley contends that a waiver identical to that found in the ECOA is also present in the FCRA. Both the FCRA and the ECOA are part of the Federal Consumer Credit Protection Act. Additionally, the FCRA and the ECOA both define a "person" as any "government or governmental subdivision or agency." Most importantly, the FCRA does not contain the additional preservation of sovereign immunity that is found in the TILA. Talley therefore claims that, just as in *Moore*, the definition of a "person" who may be liable under the FCRA serves as an express waiver of sovereign immunity, thus permitting the USDA to be held liable under the Act in the same manner that it is liable under the ECOA.

The USDA argues that the standard by which courts are to judge whether Congress intended to waive the United States' sovereign immunity in any particular statute is to determine whether the statute contains an express waiver. We believe that this standard is precisely the one applied by the Fifth Circuit, and we concur with its conclusion. We therefore hold that the term "government or governmental subdivision or agency" in the FCRA is an express waiver of the United States' sovereign immunity. This waiver is not overridden by a subsequent express preservation of sovereign immunity.

Accordingly, the USDA's motion to dismiss based on its immunity from suit is denied.

## **CONCLUSION**

For the foregoing reasons, the defendant's motion [10] to dismiss the plaintiff's complaint is denied.


It is so ordered.

_Wayne Andersen_
Wayne R. Andersen
District Judge

Date: July 12, 2007