IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE TALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 0705 |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | Wayne R. Andersen |
| AGRICULTURE, | ) | District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION AND ORDER

This matter was presented for bench trial on July 28, 2008 wherein the parties presented evidence for the court to decide on the merits. The following findings were made.

### I. Findings of Fact

Upon hearing all of the evidence at trial, the court made the following findings of fact.

1. Plaintiff maintained a loan with Defendant and paid the loan in full in September of 2000. Defendant sent a letter, Exhibit G, dated July 26, 2000, entitled Notice of acceleration of your rural housing service loan(s); demand for payment of that debt; notice of intent to foreclose; and notice of your opportunity to have a hearing concerning this action, to Plaintiff stating that the loan payments were in arrears and foreclosure proceedings would be instituted.

2. When the loan was paid in full, no further money was due and owing from Plaintiff to Defendant.

3. Subsequent to the payment of the loan, Defendant continued to report the payment history of the loan to Trans Union, a consumer credit reporting agency.

4. Included in the payment history of the loan that was being reported was the data for each of the previous 24 months pay history.

5. Up until August of 2006, Defendant consistently reported the current 24 month payment history of the previously paid loan. The manner in which the loan was reported in the 24 month history gave the appearance that Plaintiff had been consistently and currently over 120 days late throughout the year 2004. Therefore, it appeared that even though the loan was paid in full by September 2000, Plaintiff was over 120 days late as recently as August 2006.

6. This reporting was inaccurate and the inaccurate information negatively reflected upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

7. Plaintiff disputed the inaccurate information with Trans Union by written communication to its representatives and by following Trans Union's established procedure for disputing consumer credit information on four occasions.

8. Defendant received each of the four dispute notifications from Trans Union and Defendant performed investigations on each occasion.

9. In each investigation, Defendant determined that Plaintiff was correct and sent notification to Trans Union to correct the credit report. However, Defendant did not change the way it reported the 24 month payment history to Trans Union. Therefore, with each monthly reporting of the account data, through August 2006, Defendant re-reported the 24 month late pay history to Trans Union.

10. As a direct and proximate result of the inaccurate information continuously being reported on Plaintiff's credit file, Plaintiff suffered damages which the court found amounted to $10,000 in emotional distress and mental anguish.

**II.** **Conclusions of Law:**

Upon hearing all of the evidence and making the above findings of fact, the court makes

the following conclusions of law:

1. This Defendant violated sections 1681o of the Fair Credit Reporting Act by negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate after receiving notice of a dispute from a credit reporting agency in violation of 15 U.S.C. §1681s-2(b).

2. Defendant was negligent in failing to perform a reasonable investigation of its internal reporting of the credit data it had on Plaintiff and properly report that data to Trans Union after receiving disputes regarding the accuracy of the credit report and therefor failed to comply with 15 U.S.C. §1681s-2(b)(1)(D).

3. Plaintiff's damages were caused by Defendant's negligence.

4. Plaintiff is entitled to a judgment in the amount of $10,000 plus attorneys fees and costs.

5. Plaintiff has submitted a petition for attorneys fees in the amount of $20,055 and costs in the amount of $350, which the court finds to be reasonable. Accordingly, the Plaintiff's petition for attorneys fees and costs is granted.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: 2/4/09